UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MELANIE PHILLIPS | ) | CASE NO. 5:10-cv-2719 |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| -vs- | ) | |
| | ) | MEMORANDUM OF OPINION |
| COMMISSIONER | ) | AND ORDER |
| OF SOCIAL SECURITY | ) | |
| Defendant. | ) | |

This matter comes before the Court on objections filed by Plaintiff Melanie Phillips to the Report and Recommendation ("R&R") of the Magistrate Judge. This action as referred to the Magistrate judge for an R&R on Plaintiff's Appeal of the Social Security Administration's decision that she was not disabled. On November 7, 2011, Magistrate Judge Magistrate Judge James R. Knepp issued his R&R recommending that the Commissioner's decision be affirmed. Plaintiff timely objected, and the Commissioner did not respond to the objections.

For the reasons stated below, the objections are overruled. The R&R is adopted and the findings of the Commissioner are AFFIRMED.

The District Court conducts a de novo review of those portions of a Magistrate Judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). In social security cases, ultimate judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.,* 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that fact finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

Although Plaintiff does not delineate specific objections, it appears that she raises three issues with the R&R.  She first takes issues with the "ALJ's and Magistrate Judge's reliance on purported evidence of Plaintiff's abilities to sustain her activities of daily living and to maintain her home in an orderly fashion and thus, by extension to be able to perform unskilled work." She next contends that the ALJ did not give an explanation or assign a specific weight to treating medical opinions and that the Magistrate Judge erred in accepting a "post hoc argument" to support the ALJ's conclusion.  Finally, she asserts that the evidence found by the Magistrate Judge to support the ALJ's rejection of three treating physicians and examining opinions does not amount to substantial evidence.

Plaintiff's objections are intertwined.  First, the Court notes that the ALJ concluded that there was substantial evidence that Plaintiff was capable of sufficiently performing activities of daily living and therefore of maintaining unskilled work.  The ALJ concluded that

> [e]vidence of record concerning the claimant's activities of daily living is consistent with a residual functional capacity set out above.  In spite of the claimant's reported mental limitations, she is able to provide the primary caretaking of her young son on a sustained and consistent basis.  The claimant is also capable of independently maintaining a household which includes cooking, laundry, and cleaning.  While the undersigned acknowledges that the weight of the evidence concerning the claimant's daily activities does not control the outcome, it nevertheless provides respective and significant confirmation of the claimant's ability to perform work activity consistent with the above residual functional capacity assessment.

To support this conclusion, the ALJ noted that on October 30, 2007, Plaintiff underwent a psychological consultative evaluation performed by Gary J. Sipps, Ph.D. at the request of the State Agency.  Specifically, the ALJ stated that "[w]hen asked about her daily activities of living, the claimant reported caring for the personal needs of her son, preparing meals, and performing household chores."  The ALJ noted that, although Plaintiff was advised at her initial visit to CCF

to avoid driving for three months, a little over one month later, she drove herself to her appointment with Dr. Sipps.  The ALJ further referred to Dr. Sipps' report that indicated that Plaintiff "is able to maintain sufficient attention to care for the needs of her child, use the computer and internet, and play video games.  The ALJ gave great weight to Dr. Sipps' opinion.

Further, the ALJ noted that Plaintiff, on referral from her treating physician at the time, met with DeAnna Frye, Ph.D. for a neuropsychological evaluation on February 27, 2008.  Again, the ALJ noted that the Plaintiff "indicated that she is able to drive and is independent with all activities of daily living including cooking and household tasks, although she feels as though she is not doing a good job in performing such tasks."  The ALJ gave less than controlling weight to Dr. Frye's opinion to the extent that it was inconsistent with the evidence in the record.[1]

The ALJ also points to records from Plaintiff's treating neurologist, Dr. Amir Mazhari.  Pursuant to the cited exhibit, Plaintiff informed Dr. Mazhari that "[s]he reported she continues to be able to drive a motor vehicle and is independent with all activities of daily living, including cooking and household tasks, although [Plaintiff] reported she 'is not doing a good job' with household tasks at the present time."

This Court concludes that the ALJ set forth his findings on this issue and pointed to substantial evidence for support.  The Court concludes that a reasonable mind could accept the relevant evidence as adequate to support a conclusion that Plaintiff could sustain her daily activities.  *Warner* 375 F.3d at 390.  Further, to the extent that Plaintiff contends that any arguments to support this conclusion would be a "post-hoc" rationalization, this Court disagrees.

---

[1]  The ALJ gave Dr. Frye's *opinion* less than controlling weight.  While Plaintiff informed Dr. Frye that she was able to drive and was independent with all activities of daily living, Dr. Frye opined that Plaintiff's "daily functional ability is negatively impacted by her mood instability and memory difficulties."  Dr Frye further stated that Plaintiff's memory problems were likely causing significant difficulty with regard to maintaining gainful employment.  As the ALJ discounted Dr. Frye's opinion only, this Court considered Plaintiff's statements to her as relevant evidence.

Plaintiff appears to take issue with the format of the ALJ's decision.  Specifically, she notes that the ALJ rejected three treating and examining opinions of record on the basis that they were inconsistent with unidentified substantial evidence.   What Plaintiff fails to take into consideration, however, is that the ALJ's decision explains and details the above evidence while discussing other examining physicians and in other portions of the decision.  Simply because the ALJ did not repeat himself is not the basis for an argument that any later rationalizations are "post-hoc."

> An ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.  Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts.  *Kornecky v. Commissioner,* 167 Fed. Appx. 496, 508 (6th Cir. 2006) (quoting *Loral Defense Systems-Akron v. N.L.R.B.,* 200 F.3d 436, 453 (6th Cir. 1999)).

As the evidence was fully set forth by the ALJ, this Court does not accept an argument that the Magistrate Judge's R&R is in error because it relied on post-hoc arguments and/or rationalized.  On the contrary, the rationalizations were fully set forth in the ALJ's decision. Plaintiff appears to concede this fact when she asserted that she objected specifically to "the *ALJ's* and Magistrate Judge's reliance on purported evidence of Plaintiff's ability to sustain her activities of daily living."  Emphasis added.

To the extent that Plaintiff argues that the ALJ did not give appropriate weight to the treating physicians, the R&R discusses the law with regard to this issue in depth.  The R&R discusses the appropriate considerations necessary for each referenced physician.   In her objections, Plaintiff does not specifically set forth any reason why the Magistrate Judge was in error on this discussion.  Rather, in her objections, Plaintiff focuses on the fact that the ALJ rejected the physicians by stating that they were inconsistent with "unidentified substantial

evidence "showing that Plaintiff was capable of sufficiently performing activities of daily living. As this Court explained above, this evidence was not "unidentified." Instead, the ALJ examined the evidence in great detail and explained where this evidence was found and how it factored into the decision. Thus, the Court adopts the R&R's discussion and analysis of the weight to be giving to the witnesses in this case.

Lastly, Plaintiff contends in the alternative that substantial evidence does not exist to show that she is capable of sustaining her daily activities or of maintaining her home in an orderly manner. She points to her own testimony in front of the ALJ. Indeed, in the cited testimony, Plaintiff explains that she has difficulties maintain daily tasks, including difficulties in following through with tasks unless reminded and the need to maintain a consistent routine and to use an alarm clock as a reminder. Although it is not necessary for an ALJ to make explicit credibility findings, *Kornecky,* 167 Fed. Appx. at 508, in the instant case, the ALJ explained that "[a]fter careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptom; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." The credibility findings of an ALJ must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner v. Heckler*, 745 F.2d 383, 397 (6th Cir. 1984)

Even if this Court were to improperly discredit the ALJ's conclusion as to the Plaintiff's credibility, as explained above, substantial evidence exists to support the Commissioner's decision that Plaintiff can maintain her daily activities. Therefore, this Court will defer to that

finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Warner*, at 390.

The Magistrate Judge's Report and Recommendation is ADOPTED IN WHOLE.  Final judgment is entered in favor of the Commissioner, AFFIRMING its findings.

IT IS SO ORDERED.

Dated: <u>January 12, 2012</u>                    <u> */s/ John R. Adams*_____</u>
                                            UNITED STATES DISTRICT JUDGE